**Plas B. BOOKER, Petitioner–Appellant,**

v.

**Michael BUDGE, et al., Respondent–Appellee.**

No. 05–15567.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 16, 2006.

Decided May 24, 2006.

Plas B. Booker, Indian Springs, NV, pro se.

David L. Thompson, Esq., Office of the Nevada Attorney General, Reno, NV, for Respondent–Appellee.

Before: RYMER and WARDLAW, Circuit Judges, and SELNA,* District Judge.

MEMORANDUM **

Plas B. Booker, a Nevada state prisoner, appeals the district court's judgment dismissing his 28 U.S.C. § 2254 petition. We have jurisdiction to review pursuant to 28 U.S.C. § 2253.

Booker contends that he properly exhausted his claim for ineffective assistance of counsel for failure to file an appeal in state court. However, the district court properly found the claim unexhausted. Although Booker cited to *Roe v. Flores–Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), in his state petition, Booker fundamentally altered the factual predicate of his claim in his federal petition by alleging an additional fact not alleged in his state petition: that he asked his counsel to file a notice of appeal and his counsel failed to do so.

Included in the issue of exhaustion is the question of whether the district court should have offered a stay among other options. In deeming the petition a mixed petition, the district court ordered Booker to choose between (1) abandoning his unexhausted claim and going forward on the properly exhausted claims, or (2) returning to state court to exhaust the unexhausted claims. The district court denied the option of a stay without explanation.

Two years after the district court issued its order, the Supreme Court assessed the option to stay exhausted claims pending exhaustion of unexhausted claims in the state court. *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). The Supreme Court held that

> it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id.* at 278. The Court continued that, because of the total exhaustion rule under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), and the AEDPA's one-year statute of limitations, petitioners with mixed petitions "run the risk of forever losing their opportunity for any federal review of their unexhausted

---

\* The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

claims." *Rhines,* 544 U.S. at 275, 125 S.Ct. 1528.

Accordingly, we remand so that the district court will have an opportunity to consider how Booker's petition should be treated in light of *Rhines.*

Booker's uncertified issues in his opening brief are construed as a motion to broaden the certificate of appealability. *See* 9th Cir. R. 22–1(e). We deny the motion.

**REMANDED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable William Alsup, United States District Judge for the Northern District of California, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.